LARKIN, APPELLANT, *v.* CITY OF BUTTE ET AL., RESPONDENTS.

(No. 3,666.)

(Submitted May 15, 1916.   Decided June 5, 1916.)

[158 Pac. 316.]

*Injunction—Cities and Towns—Police Officers—Complaint—Insufficiency—Metropolitan Police Law—Powers.*

Cities and Towns—Injunction—Police Officers—Physical Examination—Complaint—Insufficiency.
1.   The complaint of a city taxpayer which omitted to show that he was a police officer, or that he would suffer a special injury by a resolution of the council authorizing the appointment of a commission to make a physical examination of the members of the police force for the purpose of ascertaining whether any one of them had, by reason of old age or disease, become permanently incapacitated to discharge the duties of his office, was, under section 6643, Revised Codes, insufficient as a basis for an injunction to restrain the examination or the incurring of the expense incident to it.

Same—Metropolitan Police Law—Powers.
2.   Under section 3314, Revised Codes, the city council may furnish assistance to the mayor, in the form of a commission, to determine the physical competency of the members of the police force.

Same—Unauthorized Expenditures—Complaint—Insufficiency.
3.   A complaint against a city alleging an unauthorized purchase of apparatus was insufficient to warrant an injunction in the absence of an averment that a claim in payment thereof had been presented to and allowed by the council.

[As to power of body having power to remove public officer to appoint committee to conduct hearing, see note in Ann. Cas. 1916C, 1273.]

*Appeal from Second Judicial District Court, Silver Bow County; John B. McClernan, Judge.*

Injunction by James P. Larkin against the City of Butte and others. From a judgment dismissing the action, plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. W. E. Carroll, J. E. Healey* and *H. L. Maury,* for Appellant.

*Messrs. J. V. Dwyer, John A. Groeneveld* and *N. A. Rotering,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In June, 1914, the city of Butte by resolution of its council created a commission to examine all members of the police force and to report to the mayor the name of any member who, by reason of age or disease, had become permanently incapacitated to discharge the duties of his office. Section 5 fixes the compensation of the commissioners and provides further: "And said commission, with the consent of the mayor, may incur any and all expenses necessary to carry out the provisions of this resolution and to make the examinations as thorough as such commission may deem necessary." This suit, by a resident taxpayer, was instituted to restrain the city officers and the members of the commission from carrying the resolution into effect, or appropriating or expending any public money under its provisions.

After certain preliminary allegations, the complaint charges that it is the intent of the resolution that the expenses incurred by the commission for apparatus shall be paid by the city from its general fund "without restriction as to necessity, amount, value, efficiency, or subsequent utility to said city"; that one of the commissioners, without previous advertisement therefor

or the letting of any contract, has purchased apparatus for which the city intends to pay more than $250; and that the tests proposed to be applied to members of the police force are oppressive and invade the private rights of the policemen. A copy of the resolution is attached to and made a part of the pleading. A general demurrer to the complaint was sustained, and from a judgment dismissing the action plaintiff appealed.

To determine whether the complaint states a cause of action, [1] its allegations must be read in connection with the provisions of the resolution. So far as the complaint charges that the tests to be applied by the commission will invade private rights of the members of the police force is concerned, it is sufficient to say that the plaintiff does not allege that he is a member of the force or that he, as a taxpayer, will be injured as a result of the tests. Whatever rights, if any, members of the police force may have when the tests are applied or sought to be applied, they are not of such character that this plaintiff, by virtue of his being a taxpayer, can invoke them. He does not disclose that special injury to himself, which is essential to entitle him to an injunction. (Rev. Codes, sec. 6643; 22 Cyc. 893.)

The city of Butte is a city of the first class, and is operating its police department under the Metropolitan Police Law (secs. 3304–3317, Rev. Codes). Section 3306 provides that members once appointed after their probationary service, shall hold office "during good behavior, or until by age or disease they become permanently incapacitated to discharge their duties." Section 3308 provides that no member or officer of the police force in a city of the first class shall be discharged without a hearing or trial before the examining and trial board. Section 3309 provides for charges against a police officer and for the trial and determination thereof. Section 3314 provides: "In addition to [2] the provisions herein contained, the city or town council may make any ordinances, not inconsistent with this Act, or any law of the state, for the government of the police department, and for regulating the powers and duties of its officers and members." By section 3305 supervision of the police force

is confided to the mayor.   It is his duty to know that the members of the force are physically able to perform the services rightfully required of them, and it is equally his duty to prefer charges of incompetency against any member who by reason of age or disease is permanently incapacitated.   Before making such charge, he should have some reasonable ground therefor, and if in the judgment of the council it is necessary or expedient that the mayor have assistance in determining the physical competency of the members of the force, section 3314 furnishes ample authority for a proper provision for such help.

If we assume that, by the provision of the resolution quoted above, there is an unwarranted delegation of power to the commission, this complaint is not cured, for sections 3283 and 3287, [3] Revised Codes, require that all accounts against the city must be presented to and approved by the city council before payment can be authorized, and this complaint does not contain any allegation that any bill for the apparatus ordered by one member of the commission has been presented to or allowed by the council.   We cannot assume that the council will approve a claim contracted in violation of law, and unless such claim is approved, it cannot be paid, and plaintiff cannot be injured.

Apparently this action was brought prematurely; but in any event we think the complaint insufficient to warrant the relief sought.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.